Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | No. CR11-210 RAJ |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| ANTHONY GEORGE, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the court on defendant Anthony George's motion to revoke his Detention Order under 18 U.S.C. §3145(b). Dkt. # 23. No party has requested oral argument or an evidentiary hearing, and the court finds oral argument unnecessary. For the reasons stated below, the court DENIES Mr. George's motion and orders the continued detention of the defendant.

## II. BACKGROUND

On June 22, 2011, the Grand Jury indicted defendant Anthony George on a five-count Indictment, charging Theft of Government Funds, Social Security Fraud, and Unlawful Production of Identification Documents. Dkt. # 1. On June 24, 2011,

ORDER – 1

the government moved for detention. Dkt. #11. On June 28, 2011, a detention hearing was held before Magistrate Judge Theiler, at which both the government and defense made presentations. A Pretrial Services Report and First Supplemental Pretrial Services Report were filed, both of which recommended release on conditions. The Defense concurred with Pretrial Services' recommendation and the government did not. Judge Theiler ordered the defendant detained and he now seeks revocation of that order.

## III. FINDINGS OF FACT

The accuracy and reliability of the information provided by the defendant to Pretrial Services is highly suspect, unreliable and he is viewed as a risk of nonappearance based upon a number of factors that the court will outline. The defendant is also viewed as a risk of economic danger due to the nature of the offenses charged. The totality of these representations and the other facts presented leave this court with no degree of assurance that the court has a complete and accurate perspective of the defendant's circumstances.

First, the defendant has used multiple aliases and multiple Social Security numbers.

Second, the record before this court includes a host of uncorroborated explanations by the defendant regarding his place of residence and identification. The fact that defendant voluntarily surrendered his Sonny Fisher identification is a

factor for consideration, but does not diminish the degree of comfort the defendant has exhibited in using fictitious identification.

Third, the defendant made representations to Pretrial Services regarding his employment. Contrary to his representations of having never been employed, the Currency Transaction Reports presented by the government (Exhibit 5) demonstrate his activities in several locations around the country. While the court has no information that the sales were anything other than legitimate business sales, the fact of their existence are inconsistent with the defendant's representations to Pretrial Services. Specifically, he represented he had sold cars "here and there" and the evidence suggests that volume of his activities and level of participation in selling cars were inaccurate.

Fourth, the defendant has represented that his long-term residence is in Snohomish County, yet the evidence before the court suggests he has unexplained (at least to the court's satisfaction) and/or uncorroborated explanations of the existence of residences to which he has been connected to in the Portland, Oregon area.

Fifth, the defendant represented to Pretrial Services that he owned a single car -- a 1995 Chevy Suburban, yet the evidence at the detention hearing indicates he purchased three new pickup trucks in the last two years. The court does not find compelling the explanations provided by the defendant as to how the vehicles were acquired and his explanations appear to be uncorroborated. The court also notes that

in connection with each truck purchase, the defendant submitted a statement representing that he earned more than $6,000 per month, which is completely inconsistent with any such declared earnings in his statement to Pretrial Services.

Sixth, three warrants for the defendant's arrest have been issued in the past. The court accepts the defendant's explanation that one was the result of the warrant being forwarded to the wrong address. The defendant fails, however, to explain to the court's satisfaction either of the other two warrants.

Seventh, the nature of the charge supports detention. The charged offenses demonstrate a protracted scheme by the defendant to defraud the government with allegations that as recent as October, 2010, the defendant had engaged in misrepresenting his identity, his mental condition, his employment and his financial status to the government in a personal interview.

And last, the court finds the defendant has the capacity to flee. He has disclosed no local family other than co-defendant Roxanne George. He has confirmed he has no regular employment. The record before this court, however, shows his access to cash through his vehicle purchases with various transactions in various states. While defendant has represented these sales were to family members, these claims remain uncorroborated.

///

///

///

For the foregoing reasons, the court finds that there are no conditions or combination of conditions that will reasonably address the court's concerns regarding defendant's risk of flight and continuing financial and economic danger to the community.

NOW, THEREFORE, it is ORDERED that defendant's Motion to revoke his Detention Order (Dkt. #23) is DENIED. Defendant Anthony George shall remain in custody pending trial.

DATED this 25th day of July, 2011.

The Honorable Richard A. Jones
United States District Judge